## H. M. ROMBERGER ET AL. v. BOARD OF MAYOR AND ALDERMEN OF WATER VALLEY.

WRIT OF PROHIBITION. *Where not proper. Unlawful intent must be manifest.*

H. filed a petition with the board of mayor and aldermen of the town of W. for license to retail liquors. R. and others, citizens of the town, filed a counter petition in due time. After the expiration of the month for which, under § 1103, Code of 1880, the petition was required to lie over, an additional petition signed by persons who had signed the counter petition, and asking that their names be taken therefrom, was filed by H., with a committee appointed by the board to examine the question. R. and others applied for a writ of prohibition, setting out that " we are informed and believe that the board will vote to grant license " by taking into consideration such last petition filed by H., and asking that the board be restrained from so considering it. The writ was granted, but upon motion of the respondents the prohibition was discharged. *Held*, that the prohibition was properly discharged. The board had not entertained jurisdiction of the additional petition, nor done any act which showed an intention to do so; and it cannot be assumed that any tribunal will act in a matter over which it has no jurisdiction until it has done some act to indicate its intention so to do.

APPEAL from the Circuit Court of Yalobusha County.

HON. W. S. FEATHERSTON, Judge.

A. H. Romberger and others, citizens of the town of Water Valley, presented a petition to the Hon. T. E. Cooper, chief justice of the supreme court, praying for a writ of prohibition against the board of mayor and aldermen of the said town, which writ was by him granted. The petition set out that one G. H. Harmon was applying to the board of mayor and aldermen for a license to retail vinous and spirituous liquors in Water Valley; that a petition containing three hundred and thirty-seven names was filed on the 10th of August, 1885, for the license; on the 10th of September, 1885, a counter petition containing two hundred and eighty names, one hundred and nineteen of whom were on the petition for license also, was filed with a committee previously appointed to examine the two petitions on file and to report on same; that Harmon's petition contained less than a majority of the voters as required to be counted by the statute; that some time after the 10th of September, 1885, another petition was filed, which was signed

by some of the signers of the counter petition, and which prayed that their names be taken off of the counter petition. The petitioners further set out that they are informed and believe that a majority of the board of mayor and aldermen will vote at their next meeting to grant license to Harmon on the basis of this third petition. The prayer is for a writ of prohibition to restrain the mayor and aldermen from considering the additional petition of G. H. Harmon for license filed after the 10th of September, 1885.

The respondents appeared before the circuit court, and moved for a discharge of the rule of prohibition against them. Thereupon the court discharged the rule and dismissed the petition. The petitioners appealed.

*W. S. Chapman,* for the appellants.

Nowhere in our supreme court reports, nor in the two cases lately decided by the supreme court from Meridian, nor in High on Extraodinary Legal Remedies, nor in any decision, can it be shown that where a court was actually proceeding, or about to proceed, in some matter over which it possessed no rightful jurisdiction, that *certiorari* was the appropriate remedy, but it is affirmatively shown everywhere that the writ of prohibition is the preventive remedy, and should be resorted to in all cases like this one.

*Fly & Martin,* on the same side.

The authorities cited and relied on by opposing counsel are good law where applicable, but they are not decisive of this case. We understand the office of a writ of *certiorari* to be to correct errors appearing upon the face of the record, and cannot avail for any other purpose, for the reason that no proof can go before the circuit court on *certiorari* not appearing on the face of the record. Code of 1880, § 2358. But not so with a writ of prohibition. The object and purpose of this writ is to prohibit the commission of an unlawful act, and issues only to prevent the commission of a future act and not to undo an act already performed, as is sought to be done in this case. High on Extraordinary Legal Remedies, second edition, § 766.

*R. H. Golloday,* for the appellees.

There is really little to do except to refer the court to the authorities. High Ex. Rem. 553, §§ 767, 770, 772.

Plea to want of jurisdiction ought to have been preferred in the court to whose jurisdiction exception is made. 12 Am. Dec. 609; High Ex. Rem. 553, § 773.

Errors and irregularities in the court do not warrant the writ. 12 Am. Dec. 608.

All that can be said of the proceedings below, or of its proposed action, is that the mayor and aldermen were about to proceed irregularly and not according to what the petitioners deemed regular. Absence of another remedy necessary. 12 Am. Dec. 608.

COOPER, C. J., delivered the opinion of the court.

The prohibition, which was ordered by the writer, was properly discharged by the circuit court. The petition does not show that the board had entertained jurisdiction of the petition, a decision on which was sought to be prohibited, or had done any act showing that it would do so. The only allegation is that the petition had been filed before the committee appointed by the board and that petitioners " were informed and believed that the board will vote to grant license." It is not to be presumed that any tribunal will assume to act in a matter over which it has no jurisdiction, and until this is shown prohibition ought not to be awarded. High on Ex. Legal Remedies, § 773.

*Judgment affirmed.*